IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NORVEL R. WRIGHT,<br><br>    Plaintiff,<br><br>v.<br><br>ROBERT GATES, SECRETARY OF DEFENSE,<br><br>    Defendant<br>_____/ | No. C-08-3412 MMC<br><br>**ORDER DIRECTING PLAINTIFF TO SHOW CAUSE WHY ACTION SHOULD NOT BE DISMISSED OR TRANSFERRED TO THE EASTERN DISTRICT OF CALIFORNIA** |

    Before the Court is plaintiff's complaint, filed July 15, 2008.  In his complaint, plaintiff alleges that his employer, the Department of Defense, has subjected him to discrimination by failing to promote him, as well as by engaging in "verbal abuse, retaliation/reprisal and racism."  According to the complaint, plaintiff works for defendant at a location in French Camp, California, and lives in Tracy, California.  Both French Camp and Tracy are located in San Joaquin County.  San Joaquin County is located within the Eastern District of California.  See 28 U.S.C. § 84(b).

    A civil action in which the defendant is an officer of the United States may "be brought in any judicial district in which (1) a defendant in the action resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) the plaintiff resides if no

1  real property is involved in the action." See 28 U.S.C. § 1391(e).

2        The Secretary of Defense, the only defendant named herein, does not reside in the Northern District of California. Further, as noted, plaintiff does not work in, or reside in, this District; rather, he works and resides in the Eastern District of California. Consequently, it appears venue is improper in this district. See id.

      Accordingly, the Court hereby DIRECTS PLAINTIFF TO SHOW CAUSE, no later than August 8, 2008, and in writing not to exceed five pages in length, why the instant action should not be dismissed or, alternatively, transferred to the Eastern District of California. See 28 U.S.C. § 1406(a) (providing "district court of a district in which is filed a case laying venue in the wrong . . . district shall dismiss, or if it be in the interests of justice, transfer such case to any district . . . in which it could have been brought"); Costlow v. Weeks, 790 F. 2d 1486, 1488 (9th Cir. 1986) (holding district court has "authority to raise the issue of defective venue on its own motion).

**IT IS SO ORDERED.**

Dated: July 18, 2008

                                              MAXINE M. CHESNEY
                                              United States District Judge